Doak *v.* Wiswell.

---

DOAK *versus* WISWELL.

| 38 | 569 |
| L96 | 532 |

By the common law, fixtures and permanent improvements of the freehold, made by a tenant for life, or for years, are part of the realty, and descend to the heirs of the estate.

But when made for his own use, by a tenant at will, or for a term certain, by *consent* of the landlord, they remain the *personal* property of the *tenant*, and at his decease, constitute a part of his estate.

A tenancy by curtesy is created by operation of law, and no buildings erected upon the estate by *such tenant* by consent of the wife, will thereby become personal property. The law takes away her power to contract with her husband.

And fixtures erected by *such tenant* become part of the realty.

ON FACTS AGREED.

TROVER, for the conversion of a dwellinghouse and barn. Plaintiff, in 1831, married one Irena Wiswell, who died in 1845, without issue, leaving six brothers and sisters, the heirs at law of her real estate, of whom the defendant is one.

The house and barn sued for were erected by the plaintiff in 1839, on the land of his wife, which she inherited. The house has a cellar and is underpinned with stone, and the barn is not connected with the house.

Samuel, a brother of defendant, brought a writ of entry against plaintiff and recovered judgment for seizin and possession of one-sixth of the premises in 1848, and took possession of the same.

The defendant moved into the house in October, 1845, and has resided there and had possession of the house, barn, and the premises on which they stand ever since. The first year he had a verbal lease from plaintiff; since that time, he has held the premises as one of the heirs at law of said Irena, and as purchaser from Samuel and others, being the owner of five-sixths, undivided.

Before commencing this suit the plaintiff demanded said house and barn of defendant, who replied, that he had no rights there.

The plaintiff some time before the present action commenced a suit against said Samuel, declaring upon a count for money laid out and expended in the erection of the said buildings, in which suit a nonsuit was ordered by the Court.

The Court were authorized to render judgment by nonsuit or default, as the law required.

*Kent*, for plaintiff, argued the right of plaintiff to recover : —

1. Because the buildings were erected on the land of another, with her consent, and not adversely or against her will. This made them the personal property of plaintiff. *Osgood* v. *Howard*, 6 Maine, 452; *Russell* v. *Richards*, 10 Maine, 429; *Wells* v. *Bannister*, 4 Mass. 514. The consent of the wife is to be presumed from the relation of the parties. Besides, it is unnecessary to show consent. The language in one of the cases cited sustains that view.

2. The fact that the husband during the life of his wife had an interest in the land, does not affect the principle.

3. Though the statute of 1843, c. 6, does not include the plaintiff in terms within its provisions, still he is within the equity and intent of that statute.

4. If the case is viewed simply as a question at common law, and between tenant for life and heirs and reversioners, and merely one of fixtures and the right to remove, then it will be necessary to determine whether these erections were fixtures. As to the barn, it had no connection with the house, and in the absence of any other description, it is to be considered as resting on sills on the ground; and as they are usually built.

It is not stated, that it is attached to the freehold, and no inference to that effect can be drawn. What buildings may be removed by a tenant are set forth in *Dean* v. *Allaby*, 3 Esp. 11; *Benton* v. *Roberts*, 2 East, 88; *Austin* v. *Stevens*, 22 Maine, 528.

*W. Fessenden*, for defendant, contended, that this action has already been decided in *Doak* v. *Wiswell*, 33 Maine, 355. The plaintiff was estopped by that judgment.

But if not, then the defendant had the legal possession as heir and as purchaser of the interests of the co-heirs; that the buildings when erected became part of the real estate and descended to the heirs; *that* although it had been decided in this State and Massachusetts, that buildings erected upon land of another by the consent of the owner, re-

main the property of the builder, it was only when there was an *express consent* or a *bargain* for the possession of the land; *that* the wife has no power by the common law to make such a bargain with her husband, and none could be presumed. He cited, as decisive of this case, *Washburn & al.* v. *Sproal, adm'r,* 16 Mass. 449.

HOWARD, J. — By marriage, the husband acquires a life estate in the freehold of his wife. If he survive her, and they have no issue, or none which can inherit the estate, his tenancy ceases with her life, and the estate of which she died seized descends to her heirs.

Fixtures, and permanent improvements of the freehold generally, made by a tenant for life, or for years, by the common law, go with the estate and descend to the heirs of the owner. But where made by a tenant at will, or for a term certain, and for his own use, by consent of the landlord, they remain the personal property of the tenant, and, upon his decease, constitute a part of his estate. *Russell* v. *Richards,* 10 Maine, 429; *Osgood* v. *Howard,* 6 Maine, 452; *Tapley* v. *Smith,* 18 Maine, 12; *Van Ness* v. *Packard,* 2 Peters, 137, 147.

The statute of 1843, c. 6, which gives to the assignee or grantee of a tenant for life, or to his heirs or legal representatives, a right to compensation for buildings and improvements made by him, is an invasion upon the rule of the common law, and gives a right to betterments, not conferred by prior enactments. But that statute must receive a strict construction. In terms it does not apply to a case like this, at bar, where the suit is brought by the tenant for life, after the termination of his estate, for the conversion of buildings erected by him during his tenancy. He stands as he did before the statute was enacted, and his rights remain as at common law, in respect to improvements upon the inheritance. *Austin* v. *Stevens,* 24 Maine, 520. The Legislature seem not to have contemplated that he might survive the *cestui que vie.*

Doak *v.* Wiswell.

The husband's interest in the real estate of his wife is acquired by operation of law, and not by contract. He is invested with rights in her estate, over which she has no control at common law. He might commit waste upon her lands with impunity, because she could not restrain him. Under her general disabilities arising from the marriage, she was not competent to restrict or enlarge his rights over her property, or to contract with him in reference to it; and she could not, therefore, consent to his erecting buildings or making improvements upon her property. He must be regarded as making the improvements as tenant for life, in his own right, and irrespective of any contract with his wife. The Acts of 1844, c. 117, 1847, c. 27, 1848, c. 73, and 1852, c. 227, designed to secure to married women their rights to property, have no application to the merits of this case.

The dwellinghouse, constructed as the case finds, was attached to the freehold, and would belong to the inheritance. " The barn is not connected with the house," as stated in the report; and it does not appear in what manner it was constructed. But the plaintiff, in a former suit against one of the heirs of his wife, claimed compensation for the buildings, barn and house, as we understand the statement; (*Doak* v. *Wiswell*, 33 Maine, 355,) and this action is brought for conversion of the same buildings, regarding both as constituting the same kind of property. As no distinction is shown between them, in this respect, and as the house is clearly a fixture, we cannot treat the barn in any other light than as a permanent structure, attached to the land. It is well known that barns are, not unfrequently, as strongly affixed to the soil, as are dwellinghouses, and we have no authority for concluding that it was not so in the case presented.                                  *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, APPLETON, and HATHAWAY J. J., concurred.