CATHERINE J. JOHNSON, ET AL., *v.* MARY HALL STEWART, ET AL.

**No Estoppel as to Infants.**

> Infants are incapable of perpetrating a fraud or of binding themselves by contract or by estoppel.

**Life Tenant.**

> A tenant for life cannot expend money in building upon the land, and charge it on the estate in remainder or make it a personal charge against the remainderman.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 20, 1879.

OPINION BY JUDGE HINES:

The only question to be considered is whether appellee, claiming through the life tenant, I. R. Webb, is entitled to recover against the infant appellants, owners of the remainder, for lasting and valuable improvements made on the land by the life tenant.

The cases in general where the court has allowed compensation for lasting and valuable improvements made by the complainant upon the land of another proceeded upon the ground of fraud, estoppel or mutual mistake as to title.

At the time these improvements were made the appellants, in whom the remainder subsequently vested, were not in being, and they are still infants. They were incapable of perpetrating a fraud or of binding themselves by contract or by estoppel. There could, of course, be no such thing as a mutual mistake as to when the fee was vested or would vest. If I. R. Webb made the improvements on the land upon the false assumption that he had absolute title to the property, he was not led to that conclusion by the conduct of these appellants, nor of any one through whom they claim. Under the same will that gave the life estate to I. R. Webb, these appellants claim the remainder, and the mistake, if made, was with full knowledge on the part of I. R. Webb, of all the facts that went to affect the title. In this controversy it is immaterial whether I. R. Webb was induced by the trustees to make the improvements, or made them without persuasion or advice from any one. The rule is that a tenant for life cannot lay out money in building upon the land and charge it on the estate in remainder, or make it a personal charge against the remainderman; and we have found no adjudged case making this an exception. *Caldecott v. Brown,* 2 Hare (Eng. Ch. Rep.) 144; *Gray v. Oyler,* 2 Bush 256; *Cannon v. Hare,* 1 Tenn. Ch. 22; *Haflick v. Strober,* 11 Ohio St. 482; *White v. Arndt,* 1 Wharton 90; *Doak v. Wiswell,* 38 Me. 569; *Maddocks v. Jellison,* 11 Me. 482.

A majority of the cases relied on by counsel for appellee, in which payment for improvements has been allowed, are cases where persons making the improvements did so in good faith, believing the property belonged to him. In this case I. R. Webb must be presumed to have known what his interest was, and to hold otherwise would not only work a hardship to appellants, but would be to establish a rule under which the life tenant could destroy the estate in

the remainder by simply insisting that he did not understand the legal effect of the evidence of title under which he entered.

If appellee was entitled to compensation, the court could not give it, as was done in this case, by setting aside to appellee and vesting in her the title to another specific piece of property, the legal title to which is in appellants. There is no power in a court of equity to thus divest title.

Wherefore the judgment is *reversed* and cause remanded with directions to dismiss so much of the petition as seeks to recover for the improvements made on the property by I. N. Webb.

*R. B. Muir, for appellants. Harlan & Wilson, for appellees.*